United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))))

No. 05-41787

)))))))))))))))))))))))))))))

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALFREDO ANTONIO GUILLEN-ALVAREZ,

Defendant-Appellant

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before JOLLY, STEWART, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

Alfredo Antonio Guillen-Alvarez ("Alvarez") appeals the sentence imposed by the district court after his plea of guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). For the reasons that follow, we AFFIRM the sentence imposed by the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 2005, Alvarez pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). His Presentence Report ("PSR") calculated a base offense level of

1

eight and recommended a sixteen-level sentence enhancement on account of Alvarez's 2000 Texas conviction for aggravated assault, which the PSR characterized as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Alvarez filed written objections to the PSR, contending that his Texas conviction for aggravated assault did not qualify as a crime of violence and that the sentence enhancement provisions of § 1326(b) were unconstitutional. The district court overruled Alvarez's objections and adopted the PSR's recommendations. The district court then departed upwards from the Guidelines range and sentenced Alvarez to one hundred months in prison followed by three years of supervised release. On appeal, Alvarez renews his objections to the sentence imposed by the district court.

## II. JURISDICTION AND STANDARD OF REVIEW

This is an appeal from a final judgment of a district court in a criminal case. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The district court's characterization of Alvarez's prior conviction is a question of law that we review de novo. United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005); United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004).

## III. ANALYSIS

**A.   The district court did not err in determining that Alvarez was convicted of a crime of violence**

For violations of 8 U.S.C. § 1326, section

2

2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides for a sixteen-level increase to the defendant's base offense level where the defendant was previously deported following a conviction for a felony that is a crime of violence. The commentary defines crime of violence as (1) any of a list of enumerated offenses, which include "aggravated assault," or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[1]

Alvarez contends that his 2000 Texas conviction for aggravated assault does not qualify as a crime of violence. He argues that the Texas aggravated assault statute, Texas Penal Code § 22.02, does not have as an element the use, attempted use, or threatened use of physical force. He further argues that his 2000 Texas conviction does not count as a conviction for the enumerated offense of "aggravated assault" because section 22.02 is broader than the offense contemplated in the Guidelines.

Alvarez is correct that the fact that he was convicted of a state offense with the label of "aggravated assault" does not necessarily mean that his conviction counts as "aggravated

---

[1] The commentary to § 2L1.2 is binding and is equivalent in force to the Guideline language itself, as long as the language and the commentary are not inconsistent. United States v. Rayo-Valdez, 302 F.3d 314, 318 n.5 (5th Cir. 2002).

assault" within the meaning of § 2L1.2. <u>See</u> <u>United States v.</u>
<u>Santiesteban-Hernandez</u>, 469 F.3d 376, 378 (5th Cir. 2006).
Nevertheless, we conclude that Alvarez's aggravated assault
conviction qualifies as a conviction for the enumerated offense
of "aggravated assault," and therefore as a conviction for a
crime of violence.[2]

In analyzing whether Alvarez's conviction qualifies as a
conviction for the enumerated offense of aggravated assault, we
look to the particular subdivision of the statute under which he
was convicted. <u>United States v. Fierro-Reyna</u>, 466 F.3d 324, 327
(5th Cir. 2006). Alvarez's state court judgment declares his
convicted offense to have been "aggravated assault with a deadly
weapon, to wit: a knife." <u>State v. Alvarado</u>, No. 0775423D (Crim.
Dist. Ct. No. 1, Tarrant County, Tex. Nov. 15, 2000). We conclude
that Alvarez was convicted under the following provision of the
Texas code:

> (a) A person commits an offense [of aggravated assault] if
>     the person commits assault as defined in Section 22.01
>     and the person:
>     (1) causes serious bodily injury to another, including
>         the person's spouse; or
>     (2) uses or exhibits a deadly weapon during the
>         commission of the assault.

TEX. PENAL CODE ANN. § 22.02 (Vernon 2000).

---

[2] Because we conclude that Alvarez's conviction qualifies as
a conviction for the enumerated offense of "aggravated assault,"
we need not decide whether his offense has as an element the use,
attempted use, or threatened use of physical force against the
person of another. <u>See</u> U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

4

Recently, in <u>United States v. Mungia-Portillo</u>, No. 06-40273, 2007 U.S. App. LEXIS 8789 (5th Cir. Apr. 17, 2007), this court upheld a sentence enhancement under section 2L1.2(b)(1)(A)(ii) for a defendant convicted under the Tennessee aggravated assault statute, Tennessee Code § 39-13-102. We concluded that Mungia's guilty plea to a violation of section 39-13-102 qualified as a conviction for the enumerated offense of aggravated assault. First, we determined from Mungia's indictment that he pleaded guilty to "unlawfully, intentionally, knowingly and recklessly caus[ing] serious bodily injury to [the victim] by use of a deadly weapon, to wit, a handgun." <u>Id.</u> at *5. We assumed without deciding that Mungia pleaded guilty to the least culpable mental state, "recklessly." <u>Id.</u> We identified the relevant provision of the Tennessee aggravated assault statute as the following:

> (a)  A person commits aggravated assault who:
>     (1) Commits an assault as defined in § 39-13-101, and:
>         (A) Causes serious bodily injury to another; or
>         (B) Uses or displays a deadly weapon . . . .

TENN. CODE ANN. § 39-13-102 (1991).

We then looked at the correspondence between this provision and the definitions of aggravated assault found in the Model Penal Code, Wayne F. LaFave's Substantive Criminal Law treatise, and Black's Law Dictionary. Addressing arguments similar to those made by Alvarez in this case, we explained that the differences between Tennessee's definition of aggravated assault and the Model Penal Code definition were "sufficiently minor" that they

5

did not "remove the Tennessee statute 'from the family of offenses commonly known as "aggravated assault."'" <u>Mungia-Portillo</u>, 2007 U.S. App. LEXIS 8789 at *10-11 (quoting <u>United States v. Sanchez-Ruedas</u>, 452 F.3d 409, 414 (5th Cir. 2006)). We further noted that Tennessee's "aggravated assault statute includes the two most common aggravating factors," found in other state aggravated assault statutes, that is, "the causation of serious bodily injury and the use of a deadly weapon." <u>Id.</u> at *11.

A comparison of the provision of the Tennessee aggravated assault statute under which Mungia was convicted and the provision of the Texas aggravated assault statute under which Alvarez was convicted reveals that they are identical in all material respects. Likewise, the two states' definitions of the incorporated offense of assault in the relevant years contained only minor differences. The Tennessee assault statute stated:

(a)  A person commits assault who:
(1)  Intentionally, knowingly or recklessly causes bodily injury to another;
(2)  Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or
(3)  Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative.

TENN. CODE ANN. § 39-13-101 (1991). The Texas assault statute stated:

(a)  A person commits an offense [of assault] if the person:
(1)  intentionally, knowingly, or recklessly causes bodily injury to another, including the person's

6

                    spouse;
          (2)   intentionally or knowingly threatens another with
                imminent bodily injury, including the person's
                spouse; or
          (3)   intentionally or knowingly causes physical contact
                with another when the person knows or should
                reasonably believe that the other will regard the
                contact as offensive or provocative.

TEX. PENAL CODE ANN. § 22.01 (Vernon 2000).

In light of the essential similarity of the relevant provisions of the Texas aggravated assault statute and the Tennessee aggravated assault statute, we conclude that Munqia-Portillo controls this decision. Munqia-Portillo compels the conclusion that Alvarez's aggravated assault conviction qualifies as a conviction for the enumerated offense of "aggravated assault," and therefore that Alvarez was convicted of a crime of violence under section 2L1.2(b)(1)(A)(ii). Accordingly, we hold that the district court did not err in imposing the sixteen-level sentence enhancement.

**B.   Alvarez's constitutional challenge is foreclosed**

Alvarez contends that the sentence imposed by the district court is unconstitutional because it exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. Citing Apprendi v. New Jersey, 530 U.S. 466 (2000), he challenges the constitutionality of § 1326(b)'s treatment of his prior felony conviction as a sentencing factor rather than as an element of the offense that must be found by the jury.

Alvarez's challenge is foreclosed by Almendarez-Torres v.

7

<u>United States</u>, 523 U.S. 224, 239-47 (1998), in which the Supreme Court held that the treatment of prior convictions as sentencing factors under § 1326(b) was constitutional. This court has repeatedly rejected arguments like the one made by Alvarez and has held that <u>Almendarez-Torres</u> remains binding despite <u>Apprendi</u>. <u>See, e.g,</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir. 2005); <u>United States v. Mendez-Villa</u>, 346 F.3d 568, 570-71 (5th Cir. 2003). Alvarez concedes that his argument is foreclosed and raises the argument to preserve it for further review.

## IV. CONCLUSION

For the reasons stated above, the sentence imposed by the district court is AFFIRMED.

AFFIRMED.