IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20773
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

v.

FRANCISCO JAVIER ARCHUNDIA, also known as Francisco Archundia,
also known as Francisco Javier Archundia-Mendoza, also known as Francisco
Javier Archundia-Bustos,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-342-ALL

Before GARWOOD, GARZA and OWEN, Circuit Judges.

PER CURIAM:[*]

Francisco Javier Archundia appeals from the sentence imposed at resentencing for his conviction for illegal reentry following deportation. 8 U.S.C. § 1326(a) & (b)(2). This court previously vacated Archundia's sentence and ordered resentencing in light of United States v. Booker, 543 U.S. 200 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time at resentencing, Archundia argued that the district court erred in applying the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his 1997 Texas conviction for aggravated assault, Texas Penal Code § 22.02, but the district court refused to consider the issue on the ground that it was beyond the scope of this court's remand. Archundia contends that the district court should have recognized an exception to the mandate rule based on an intervening change in the law.

The mandate rule "is but a specific application of the general doctrine of law of the case." United States v. Matthews, 312, F.3d 652, 657 (5th Cir. 2002). "Absent exceptional circumstances, the mandate rule compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Lee, 358 F.3d 315, 321 (5th Cir. 2004). The rule also bars "litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." Id. The mandate rule applies unless: "(1) [t]he evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; [or] (3) the earlier decision is clearly erroneous and would work a manifest injustice." Matthews, 312 F.3d at 657.

Archundia has not demonstrated that United States v. Fierro-Reyna, 466 F.3d 324 (5th Cir. 2006) represents an intervening change of law by controlling authority or that any other exception to the mandate rule applies to his case. See Matthews, 312 F.3d at 657. In fact the Texas aggravated assault statute Archundia challenges was recently held to qualify as a aggravated assault within the meaning of section 2L1.2. See United States v. Guillen-Alvarez, 489 F.3d 197, 200-01 (5th Cir. 2007). Because Archundia's challenge to the 16-level enhancement was not raised in his initial appeal, the issue was not properly

before the court at resentencing.  See United States v. Marmolejo, 139 F.3d 528, 530-31 (1998).

Archundia repeats his argument unsuccessfully made in his initial appeal that his sentence under section 1326(b) is unconstitutional in light if Apprendi v. New Jersey, 530 U.S. 466 (2000).  We do not reconsider this argument in the light of the law of the case doctrine.  See Matthews, 312 F.3d at 657.

AFFIRMED.