# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2007**

Charles R. Fulbruge III
Clerk

No. 06-10826
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERTO LOPEZ-MORENO

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-249-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roberto Lopez-Moreno (Lopez) pleaded guilty to illegal reentry into the United States following removal subsequent to a conviction for an aggravated felony. This court vacated his sentence and remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). He now appeals the sentence imposed on remand.

For the first time in this, his second appeal, Lopez argues that the district court plainly erred by applying a 16-level enhancement for his being removed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following a conviction for a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). He asserts that his prior Texas conviction for aggravated assault was not a conviction for a crime of violence.

Because Lopez could have raised this issue in his original appeal but did not, consideration of this issue is barred by the mandate rule. See United States v. Lee, 358 F.3d 315, 321 (5th Cir. 2004). While he acknowledges the mandate rule, Lopez argues that this issue falls under the manifest injustice exception to that rule. Lopez's prior conviction, however, was a conviction under TEX. PENAL CODE ANN. § 22.02(a)(2), and convictions under that statute are convictions for a crime of violence under § 2L1.2(b)(1)(A)(ii). See United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir. 2007). Accordingly, the manifest injustice exception does not apply, and consideration of this issue is barred by the mandate rule. See United States v. Matthews, 312 F.3d 652, 657 (5th Cir. 2002).

Lopez argues that the sentence imposed on remand was unreasonable. His sentence was within the guidelines range, and while he acknowledges that we held that sentences within the guidelines range are presumptively reasonable in United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006), he argues that Alonzo was wrongly decided and that no presumption should apply. As Lopez concedes, this argument is foreclosed. See Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007); Alonzo, 435 F.3d at 554. Lopez also asserts that his sentence was unreasonable because the district in which he was convicted does not have a fast-track program. As Lopez concedes, this argument is also foreclosed. See United States v. Aguirre-Villa, 460 F.3d 681, 683 (5th Cir. 2006).

Lopez maintains that his sentence was unreasonable because while he had a criminal history category of VI, he had not previously been sentenced to a term of imprisonment longer than 270 days. A sentence within the guidelines range is presumptively reasonable. Alonzo, 435 F.3d at 554. It is rare for this court to hold that such a sentence is unreasonable. Id. While Lopez was not

previously sentenced to a term of imprisonment longer than 270 days, he has an extensive criminal history, including convictions for aggravated assault, evading arrest, assault, driving while intoxicated, and possession of a prohibited weapon, as well as multiple drug convictions. Lopez has not shown that his sentence was unreasonable. See id. at 554-55.

Lopez argues that the treatment of 8 U.S.C. §§ 1326(b)(1) & (2) as sentencing factors was improper as a matter of statutory interpretation and constitutional law. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, ___ F.3d. ___, 2007 WL 2033992, *1 (5th Cir. July 17, 2007).

AFFIRMED.