# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2007**

Charles R. Fulbruge III
Clerk

No. 07-40104
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAUL ANTONIO HERNANDEZ-HERNANDEZ, also known as Ricardo Hernandez

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-780-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Raul Antonio Hernandez-Hernandez (Hernandez) appeals following his guilty plea to being an alien unlawfully found in the United States after deportation subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Hernandez argues that the district court erroneously construed his prior conviction in Texas for aggravated assault as a crime of violence and incorrectly applied a sentence enhancement under U.S.S.G. § 2L1.2. Hernandez

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

correctly concedes that because he did not raise this argument in the district court our review is for plain error.  See United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).  In light of our recent decision in United States v. Guillen-Alvarez, __ F.3d __, 2007 WL 1615602 at *2-3 (5th Cir. June 6, 2007), Hernandez's argument is unavailing.

Hernandez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  Hernandez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005).  Hernandez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.