# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2007

Charles R. Fulbruge III
Clerk

No. 05-41706
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HUGO GALICIA, also known as Hugo Galicia-Romero

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-479-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Hugo Galicia appeals his guilty-plea conviction and sentence for being illegally present in the United States following a prior deportation, in violation of 8 U.S.C. § 1326. Galicia contends that the district court erred in imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior Texas conviction for aggravated assault is not a crime of violence under the Sentencing Guidelines. The Texas statute, TEX. PENAL CODE § 22.02, is substantially similar to the definition of "aggravated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assault" under the Model Penal Code and thus qualifies as the enumerated offense of "aggravated assault" under the Guidelines. See United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir. 2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Galicia challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007)(No. 07-6202). The judgment of the district court is

AFFIRMED.