IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2007

Charles R. Fulbruge III
Clerk

No. 06-40158
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ARTURO REYES-GOMEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:05-CR-1694-ALL

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Arturo Reyes-Gomez appeals his guilty-plea conviction of and sentence for

violating 8 U.S.C. § 1326 by being found in the United States without permission

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

following removal. He challenges the decision to enhance his offense level 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a determination that his 1994 Texas conviction of aggravated assault with a deadly weapon is a crime of violence. He contends that the offense, as set forth in TEXAS PENAL CODE §§ 22.01(a)(2) and 22.02(a), is not among those enumerated in § 2L1.2, comment. (n.1(B)(iii)), and does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." The Texas aggravated-assault statute, § 22.02, is substantially similar to the definition of "aggravated assault" found in the Model Penal Code and thus qualifies as the enumerated offense of "aggravated assault" under the guidelines. See United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir. 2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Reyes-Gomez challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that that issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

The judgment is AFFIRMED.