# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2007

Charles R. Fulbruge III
Clerk

No. 05-40890
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALFREDO DELGADO-SALAZAR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-132

Before GARWOOD, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Alfredo Delgado-Salazar appeals his guilty-plea conviction and June 2005 sentence for attempted illegal reentry into the United States, in violation of 8 U.S.C. § 1326(b)(2). Delgado-Salazar argues that the district court committed reversible error by finding that his 2003 Texas conviction for aggravated assault (for which he was sentenced to two years' imprisonment) was a "crime of violence" warranting a 16-level enhancement under Sentencing Guidelines §

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2L1.2(b)(1)(A)(ii).[1]  He contends that the Texas offense of aggravated assault does not fall within the generic, contemporary meaning of "aggravated assault" set forth in the Model Penal Code (MPC) or in other states' statutes because the Texas offense may be committed by merely threatening another with imminent bodily injury using a deadly weapon.  Delgado-Salazar also contends that the Texas offense of aggravated assault is not a "crime of violence" because it does not have "as an element the use, attempted use, or threatened use of physical force against the person of another" as set forth in § 2L1.2.  U.S.S.G. § 2L1.2 cmt. –1(B)(iii).

The Government asserts that, because Delgado-Salazar argued at sentencing only that his offense was not a "16-level offense" and was "not a crime of violence," the specific argument he raises on appeal was not properly preserved and that, consequently, this court's review should be for plain error.

Although he does so in greater detail, Delgado-Salazar raises the same argument on appeal that he raised in the district court.  The argument fully apprised the court that Delgado-Salazar was challenging the probation officer's determination that his offense was a "crime of violence" as defined in § 2L1.2.  See id.  His objection also required the court to consider whether the elements of the offense for which Delgado-Salazar was convicted met the requirements of § 2L1.2.  Because Delgado-Salazar preserved his argument for appeal, this court's review is de novo.  See United States v. Santiesteban-Hernandez, 469 F.3d 376, 378 (5th Cir. 2006).

Nonetheless, Delgado-Salazar's argument is unavailing.  Texas Penal Code § 22.02 defines the offense of aggravated assault in a manner that is

---

[1] The Texas indictment under which appellant was convicted and sentenced alleged that he did "intentionally and knowingly threaten Jose Estrada with imminent bodily injury and the defendant did use and exhibit a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury, during the commission of the assault."

substantially similar to the definition of aggravated assault set forth in the Model Penal Code. See United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir. 2007).[2] See also, e.g., United States v. Garcia-Ramirez, 230 Fed. App'x 458 (5th Cir. 2007) (unpublished) (Texas aggravated assault conviction under Tex. Penal Code §§ 22.02 & 22.01(a)(2), indictment alleging "threaten . . . with imminent bodily injury and did then and there use or exhibit a deadly weapon, to-wit: a knife . . ."; offense is crime of violence); United States v. Pereira-Carballo, 230 Fed. App'x 460 (5th Cir. 2007) (unpublished) ("the generic contemporary meaning of aggravated assault does not require that the defendant have caused or intended to cause bodily injury"); United States v. Molina-Cano, No. 06-40008, 5th Cir., Sept. 27, 2007 (unpublished). Delgado-Salazar's 2003 Texas conviction for aggravated assault thus qualifies as the enumerated offense of aggravated assault under the Guidelines.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Delgado-Salazar also challenges the constitutionality of section 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), pet. for cert. filed (Aug. 28, 2007) (No. 07-6202). The judgment of the district court is

AFFIRMED.

---

[2] In Guillen-Alvarez appellant's brief urged, inter alia, that the Texas aggravated assault offense included "mere threats of bodily injury" while the Model Penal Code definition of aggravated assault does not.