# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2007

Charles R. Fulbruge III
Clerk

No. 06-40870
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NICOLAS AVITU-RAMOS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-902-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nicolas Avitu-Ramos pleaded guilty, pursuant to a written agreement, to being illegally present in the United States following a prior deportation and was sentenced to 57 months in prison and two years of supervised release. On appeal, Avitu-Ramos argues that the 16-level crime-of-violence increase under U.S.S.G. § 2L1.2(b)(1)(A)(ii) was erroneous, because his Texas convictions of aggravated assault did not qualify as crimes of violence under either definition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

applicable to that provision. In United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir. 2007), this court held that aggravated assault under TEX. PENAL CODE § 22.02(a) qualified as a conviction for an enumerated offense of aggravated assault and a crime of violence under § 2L1.2(b)(1)(A)(ii). The 16-level crime-of-violence increase under § 2L1.2(b)(1)(A)(ii) was not imposed in error.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Avitu-Ramos challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.