IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2008

Charles R. Fulbruge III
Clerk

No. 07-10034
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN CARLOS JOVE-REYES

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-91

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Jove-Reyes appeals the 84-month sentence imposed following his guilty plea conviction of illegal reentry in violation of 8 U.S.C. § 1326. He argues that the district court erred in treating his Texas aggravated assault conviction as a crime of violence (COV) that warranted the 16-level enhancement of U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2005). He also contends that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in imposing a sentence that exceeded the two year statutory maximum found in § 1326.

In United States v. Guillen-Alvarez, 489 F.3d 197, 198-201 (5th Cir.), cert. denied, 128 S. Ct. 418 (2007), this court held that the Texas aggravated assault statute, TEXAS PENAL CODE § 22.02 (Vernon 2000), is substantially similar to the definition of aggravated assault under the Model Penal Code and therefore qualifies as the enumerated offense of aggravated assault under the Guidelines. The statutory language at issue in Guillen-Alvarez is identical to the language at issue in this case. Jove argues that United States v. Dominguez-Ochoa, 386 F.3d 639, 642-43 (5th Cir. 2004), in which this court held that criminally negligent homicide under Texas law was not the equivalent of the generic offense of manslaughter and therefore was not a COV, conflicts with Guillen-Alvarez and should control his case. However, Dominguez-Ochoa is not dispositive of the issue that is before this court. Guillen-Alvarez sets forth controlling authority and resolves the arguments that Jove presents to this court. Jove's Texas conviction for aggravated assault thus qualifies as the enumerated offense of aggravated assault under the Guidelines. See Guillen-Alvarez, 489 F.3d at 198-201.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Jove challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

For the foregoing reasons, the district court's judgment is AFFIRMED.