# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-40607
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GUILLERMO EUGENIO ROJAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-37-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Guillermo Eugenio Rojas appeals his guilty-plea conviction and sentence for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. Rojas contends that the district court erred by imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior Texas conviction for aggravated assault is not a crime of violence under the Sentencing Guidelines. He contends that the Texas crime of aggravated assault is more broadly defined than most other definitions of aggravated assault because it may

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be committed by threatening the victim with a weapon. The Texas statute, TEX. PENAL CODE § 22.02, is substantially similar to the generic, common sense definition of "aggravated assault" and thus qualifies as the enumerated offense of "aggravated assault" under the Guidelines. See United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir.), cert. denied, Beltran-Garcia v. United States, 128 S. Ct. 418 (2007),.

Rojas also maintains that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir.2007), petition for cert. filed, (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.