IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-40089
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

GILBERTO CHAVEZ-SIFUENTES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-683-1

Before GARWOOD, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Gilberto Chavez-Sifuentes appeals his guilty-plea conviction and sentence for being found in the United States following a prior deportation, in violation of 8 U.S.C. § 1326. Chavez-Sifuentes argues that the district court erred in imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior Texas conviction for aggravated assault is not a crime of violence under the Sentencing Guidelines. He contends that the Texas crime of aggravated assault has a broader definition than most other definitions of aggravated assault

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it may be committed by threatening the victim with a weapon. The Texas statute, TEX. PENAL CODE ANN. § 22.02, is substantially similar to the definition of "aggravated assault" under the Model Penal Code and thus qualifies as the enumerated offense of "aggravated assault" under the Guidelines. See United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir.), cert. denied, 128 S. Ct. 418 (2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Chavez-Sifuentes challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S.Ct. 872 (Jan. 7, 2008) (No. 07-6202). The judgment of the district court is AFFIRMED.