# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 12, 2012

Lyle W. Cayce
Clerk

No. 11-20853
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL VASQUEZ GARCIA, also known as Rafael Garcia-Vasquez, also known
as Rafael Garcia Velasques, also known as Rafael Vasquez-Garcia, also known
as Rafael Garcia, also known as Rafael Velasquez Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-413-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Rafael Vasquez Garcia appeals his sentence following his guilty plea to
having been found unlawfully present in the United States subsequent to
deportation and following an aggravated felony conviction.  He argues that the
district court committed reversible plain error when it increased his base offense
level under U.S.S. G. § 2L1.2(b)(1)(A)(ii).  Garcia did not object to the increase

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

in the district court; therefore, review of his argument is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, Garcia must show a forfeited error that is clear or obvious and that affected his substantial rights. If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously impinges the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The Sentencing Guidelines provide for a 12-level increase in a defendant's offense level if the defendant was previously deported after a conviction for a felony that is a "crime of violence" and where the conviction does not receive criminal history points. § 2L1.2(b)(1)(A)(ii). The commentary to § 2L1.2 defines the term "crime of violence" as any of several enumerated offenses, including aggravated assault. § 2L1.2, comment (n.1(B)(iii)). The commentary also defines a "crime of violence" as "any other offense . . . that has an element the use, attempted use, or threatened use of physical force against the person of another." *Id.*

Garcia argues that his aggravated assault conviction is not an enumerated "crime of violence" because the 1992 statute under which he was convicted encompasses behavior that is not within the plain, ordinary meaning of aggravated assault. The applicable statute provided, in relevant part, that a person commits an aggravated assault if, during the commission of an assault, the person: (1) "causes serious bodily injury to another"; or (2) "threatens with a deadly weapon or threatens to cause bodily injury or causes bodilyinjury" to listed state, county, or municipal employees; or (3) "causes bodily injury to a participant in a court proceeding;" or (4) "uses a deadly weapon." TEX. PENAL CODE ANN. § 22.02 (a)(West 1990). The statute also provided that an offense under § 22.02 was a third degree felony, except in limited cases involving a peace officer. *Id.* at § 22.02(c).

Where, as here, the statute contains a series of disjunctive elements, this court looks to specific documents to determine which subpart of the statute

formed the basis of the conviction. *See United States v. Mungia-Portillo*, 484 F.3d 813, 815 (5th Cir. 2007). A review of these documents supports Garcia's assertion that he was convicted of the third degree felony of aggravated assault for committing an assault while using a deadly weapon.

The Guidelines do not define the enumerated offenses that qualify as crimes of violence; therefore, this court uses a common sense approach, giving each offense its generic, contemporary meaning, and then determines whether the conviction falls within such meaning. *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006). "When the statute of conviction encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense, the conviction is not a crime of violence as a matter of law." *Id.* (internal quotation marks and citation omitted).

In *United States v. Guillen-Alvarez*, 489 F.3d 197, 199 (5th Cir. 2007), this court considered a more recent version of the Texas aggravated assault statute and concluded that the defendant's conviction under that statute qualified as the enumerated offense of aggravated assault and, thus, a crime of violence under § 2L1.2. Garcia cites no circuit precedent which supports his assertion that the phrase "or exhibits" in the more recent version of the Texas aggravated assault statute undermines the applicability of *Guillen-Alvarez* to his case. Further, there is nothing in the court's decision in *Guillen-Alvarez* which would suggest a different result. Moreover, none of the cases cited by Garcia support his suggestion that the Texas courts have interpreted the term "use" to include the mere "inert presence" of a weapon. Because Garcia cites no authority from this court which supports his contentions, this court will not find plain error. *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

Garcia has failed to establish clear or obvious error in the district court's determination that his aggravated assault conviction was a crime of violence for purposes of § 2L1.2(b). Accordingly, we need not decide whether the offense has

No. 11-20853

as an element the use, attempted use, or threatened use of force against the person of another. *See, e.g., Guillen-Alvarez*, 489 F.3d at 199 n.2.

AFFIRMED.