# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40799
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
April 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL JESUS BUENFIL-CATALAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-868-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Manuel Jesus Buenfil-Catalan pleaded guilty to illegal reentry and was sentenced to 48 months of imprisonment and three years of supervised release. He contends that the district court plainly erred in applying the crime-of-violence enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on his prior Tennessee conviction for aggravated assault.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40799

We have held that Tennessee aggravated assault under subsection (a) of the statute is categorically a crime of violence. *United States v. Mungia-Portillo*, 484 F.3d 813, 815-17 (5th Cir. 2007) (examining TENN. CODE ANN. § 39-13-102(a) (1991)). We have also held that the Tennessee aggravated assault statute is "identical in all material respects" to the Texas aggravated assault statute. *United States v. Guillen-Alvarez*, 489 F.3d 197, 200 (5th Cir. 2007) (examining TEX. PENAL CODE ANN. §§ 22.01, 22.02 (2000)). We recently reaffirmed our holding that Texas aggravated assault is categorically a crime of violence. *United States v. Villasenor-Ortiz*, No. 16-10366, 2017 WL 113917, at *3 & n.9 (5th Cir. Jan. 11, 2017) (unpublished) (examining TEX. PENAL CODE ANN. § 22.02(a) (2003)); *Guillen-Alvarez*, 489 F.3d at 200-01.

Buenfil-Catalan nonetheless insists that the Tennessee aggravated assault statute is indivisible in its entirety and that an aggravated assault under subsection (b) is not generic aggravated assault. Whether Tennessee treats an aggravated assault under subsection (b) as an offense with different elements than an aggravated assault under subsection (a) is subject to reasonable dispute. *See, e.g.*, *State v. Roberson*, 988 S.W.2d 690, 696 (Tenn. Crim. App. 1998). Buenfil-Catalan therefore fails to show that subsection (b) is clearly or obviously not divisible from subsection (a). *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The district court did not plainly err in treating the Tennessee aggravated assault statute as divisible and examining the state court documents to determine which subsection Buenfil-Catalan was convicted of violating. *See Shepard v. United States*, 544 U.S. 13, 16 (2005).

These documents reflect that Buenfil-Catalan was convicted of violating subsection (a), namely, § 39-13-102(a)(1). The district court did not plainly err in determining that his Tennessee conviction for aggravated assault is a crime

No. 16-40799

of violence.  *See Villasenor-Ortiz*, 2017 WL 113917, at *3; *Guillen-Alvarez*, 489 F.3d at 200-01; *Mungia-Portillo*, 484 F.3d at 815-17.

The judgment of the district court is AFFIRMED.