# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11184
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 24, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JENNIFER LOUISE VANMETER,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-442-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jennifer Vanmeter was convicted of being a felon in possession of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11184

firearm and appeals her within-guidelines sentence of 46 months of imprisonment and two years of supervised release. She contends that the court erred by calculating her sentence under U.S.S.G. § 2K2.1(a)(4)(A) and designating her Texas conviction of aggravated assault with a deadly weapon as a qualifying crime of violence ("COV") as defined by U.S.S.G. § 4B1.2 (2015). We review *de novo* whether the district court properly characterized a conviction as a COV. *United States v. Guillen-Alvarez*, 489 F.3d 197, 198 (5th Cir. 2007).

Although Vanmeter contends that her Texas conviction does not constitute generic aggravated assault, she concedes correctly that her challenge in that regard is foreclosed by *Guillen-Alvarez, id.* at 200–01. *See also United States v. Villasenor-Ortiz*, No. 16-10366, __ F. App'x __, 2017 U.S. App. LEXIS 491, at \*5 (5th Cir. Jan. 11, 2017) (per curiam) (reaffirming the continued validity of *Guillen-Alvarez* in the wake of *Mathis v. United States*, 136 S. Ct. 2243 (2016)). Vanmeter also avers that aggravated assault is no longer an enumerated offense under § 4B1.2 because *Johnson v. United States*, 135 S. Ct. 2551 (2015), also invalidated § 4B1.2(a)(2)'s residual clause. In *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), the Court held that *Johnson*'s holding was not applicable to the definition of a COV in § 4B1.2(a)(2) because the guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles* therefore effectively forecloses Vanmeter's theory based on *Johnson*.

Accordingly, the judgment is AFFIRMED.