# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41474
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUADALUPE TELLO-SEGUNDO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-693-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Tello-Segundo appeals the 32-month sentence imposed following his guilty plea conviction for illegal reentry. He contends that the district court plainly erred by imposing a 16-level enhancement under the crime of violence provision of U.S.S.G. § 2L1.2(a)(1)(A)(ii) (2014) based on his prior Texas conviction of aggravated assault with a deadly weapon.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41474

For the first time on appeal, Tello-Segundo argues that Texas aggravated assault does not qualify as a crime of violence under § 2L1.2(a)(1)(A)(ii) (2014) because it is broader than generic aggravated assault and does not have as an element the use or threatened use of force. *See* § 2L1.2, comment. (n.1(B)(iii)) (2014). He contends that § 22.02 is broader than generic aggravated assault because it can be violated with merely a reckless mens rea, and that, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), the statute is indivisible with respect to the various applicable mentes reae. Tello-Segundo acknowledges *United States v. Guillen-Alvarez*, 489 F.3d 197, 200-01 (5th Cir. 2007), which held that the Texas offense of aggravated assault qualifies as generic aggravated assault and is thus a crime of violence for purposes of § 2L1.2 (2014), but he argues that *Guillen-Alvarez* was wrongly decided. Because Tello-Segundo did not raise this argument in the district court, we review for plain error only. *See United States v. Wikkerink*, 841 F.3d 327, 331 (5th Cir. 2016).

We recently held that *Guillen-Alvarez*'s holding remains valid after *Mathis*. *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017). Moreover, we are bound by our own precedent unless and until it is altered by the Supreme Court. *See Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986). We therefore need not consider whether Tello-Segundo's prior conviction qualified as a crime of violence under the use-of-force prong. *See United States v. Castro-Alfonso*, 841 F.3d 292, 298 (5th Cir. 2016).

AFFIRMED.