# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 16-11760
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL ZAMORA-ALONSO,

Defendant-Appellant

Cons. w/ No. 16-11761

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL ZAMORA-ALONSO, also known as Miguel Angel Zamora-Alonso,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-143-1
USDC No. 3:16-CR-390-1

————————————

No. 16-11760
c/w No. 16-11761

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Zamora-Alonso appeals the sentence imposed following his guilty plea conviction for illegal reentry. He also appeals the revocation of his supervised release and the sentence imposed upon revocation.

Zamora-Alonso argues that, with regard to the sentence imposed for his illegal reentry conviction, the district court committed reversible plain error in assessing a 16-level adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) in light of his Texas conviction for aggravated assault under Texas Penal Code § 22.02. He maintains that the offense does not have as an element the use, attempted use, or threatened use of force and does not conform to the generic definition of aggravated assault. As to the revocation of his supervised release, Zamora-Alonso challenges the validity of the transfer of jurisdiction from the Western District of Texas to the Northern District of Texas. *See* 18 U.S.C. § 3605. He contends that the Northern District lacked jurisdiction to adjudicate violations of his supervision that were committed before the Northern District accepted jurisdiction over his supervised release imposed in the Western District.

The Government has moved for summary affirmance. The Government asserts that Zamora-Alonso's challenge to the 16-level adjustment is foreclosed by *United States v. Guillen-Alvarez*, 489 F.3d 197, 200-01 (5th Cir. 2007), in which we determined that the Texas offense of aggravated assault is a crime of violence under § 2L1.2(b)(1)(A)(ii). *See also United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017) (reaffirming the validity of *Guillen-Alvarez*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after *Mathis v. United States*, 136 S. Ct. 2243 (2016)).  The Government notes that Zamora-Alonso's claims as to the transfer of jurisdiction for his supervised release are foreclosed by *United States v. Fernandez*, 379 F.3d 270 (5th Cir. 2004).

Zamora-Alonso acknowledges that his appellate issues are foreclosed by *Guillen-Alvarez* and *Fernandez*.  He argues that those decisions were wrongly decided, and he raises the arguments to preserve them for further review.  One panel of this court may not overrule the decision of another absent an en banc or superseding Supreme Court decision.  *See United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002).

Therefore, summary affirmance is proper.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.  The Government's alternative motion for an extension of time to file a brief is DENIED.