# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11309
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL MARTINEZ-CERDA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-72-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Martinez-Cerda appeals the 41-month sentence imposed following his guilty plea conviction for illegal reentry. He contends that the district court erred by imposing a 16-level enhancement under the crime of violence provision of U.S.S.G. § 2L1.2(a)(1)(A)(ii) (2015) based on his prior Texas felony conviction of aggravated assault. We review this determination

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11309

de novo. *See United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005).

Martinez-Cerda argues that Texas aggravated assault is broader than generic aggravated assault and, furthermore, does not require the use or threatened use of force for purposes of § 2L1.2(a)(1)(A)(ii). He acknowledges this court's holding in *United States v. Guillen-Alvarez*, 489 F.3d 197, 198 (5th Cir. 2007), but argues that *Guillen-Alvarez* and *United States v. Mungia-Portillo*, 484 F.3d 813 (5th Cir. 2007), were wrongly decided and have been called into question by the reasoning of other circuit courts. However, one panel of this court may not overrule the decision of another panel absent an intervening change in the law, for instance through a superseding decision of the Supreme Court or this court sitting en banc. *See United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010). Moreover, this court has recently reaffirmed the holding in *Guillen-Alvarez*. *United States v. Shepherd*, 848 F.3d 425, 427-28 (5th Cir. 2017). It is unnecessary to consider whether Martinez-Cerda's prior conviction involved the use of force.

The district court's judgment is AFFIRMED.