# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10842
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDERICK LEE ROBINSON, JR., also known as Fredrick Lee Robinson, Jr.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-27-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Frederick Lee Robinson, Jr., appeals the 57-month sentence imposed following his guilty plea conviction for being a felon in possession of a firearm. He first argues that his prior Texas conviction for aggravated assault with a deadly weapon should not have been used to enhance his base offense level, pursuant to U.S.S.G. § 2K2.1, because the elements of the Texas offense are not equivalent to the elements of the generic aggravated assault offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10842

However, he acknowledges that this argument is foreclosed by this court's decision in *United States v. Guillen-Alvarez,* 489 F.3d 197, 200-01 (5th Cir. 2007), that determined that the Texas aggravated assault offense qualifies as a crime of violence under U.S.S.G. § 2L1.2.

Next, Robinson argues that 18 U.S.C. § 922(g)(1), as construed, violates the Constitution in that it regulates conduct that falls outside the Commerce Clause. However, he recognizes that this court has rejected that argument in *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013), which held that § 922(g)(1) is a valid exercise of Congress's authority under the Commerce Clause.

Last, Robinson contends that there was no allegation in the indictment and no factual basis presented that established that he knew that he possessed a weapon that had traveled in interstate commerce and, therefore, his conviction should be vacated. He concedes that this court has also rejected that argument in *United States v. Rose*, 587 F.3d 695, 705 (5th Cir. 2009), in which the court determined that it is not necessary to prove that a defendant in possession of a firearm knew that the weapon has an interstate nexus.

Because the issues raised by Robinson on appeal are all foreclosed by this court's precedent, Robinson's unopposed motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED. *See Groendyke Transp., Inc. v. Davis,* 406 F.2d 1158, 1162 (5th Cir. 1969).