# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEVIN CONTRERAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-191-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

Kevin Contreras appeals his 105-month prison sentence arising from his conviction for illegally possessing a firearm after a felony conviction. He contends that the district court erred by elevating his base offense level under U.S.S.G. § 2K2.1(a)(4)(A) based on its classification of his prior Texas aggravated assault conviction as a crime of violence. For purposes of § 2K2.1, a crime of violence is defined, by reference to U.S.S.G. § 4B1.2(a), to include

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10345

certain enumerated offenses, including aggravated assault, and other offenses requiring the actual, attempted, or threatened use of physical force against a person.  *See* § 2K2.1, comment. (n.1); § 4B1.2(a).

We review de novo the district court's characterization of Contreras's prior offense as a crime of violence.  *See United States v. Guillen-Alvarez*, 489 F.3d 197, 198 (5th Cir. 2007).  As Contreras acknowledges, we have held that the Texas offense of aggravated assault is a crime of violence under the Sentencing Guidelines because it is equivalent to the generic offense of aggravated assault.  *See id.* at 199–201 (applying the crime of violence definition found in the commentary to U.S.S.G. § 2L1.2); *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002) (declaring that the crime of violence definitions in §§ 2L1.2 and 4B1.2 should be construed consistently for enumerated offenses).

There is no merit to Contreras's contentions that *Guillen-Alvarez* should be rejected because it conflicts with *United States v. Dominguez-Ochoa*, 386 F.3d 639 (5th Cir. 2004), and has been abrogated by *United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc), *abrogated in part on other grounds by Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017).  Neither is there merit to Contreras's additional challenge to *Guillen-Alvarez* based on contrary extra-circuit precedent.  We are bound by our own precedent unless and until that precedent is altered by a decision of the Supreme Court or this court sitting en banc.  *See United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010).

Accordingly, because Texas aggravated assault is an enumerated crime of violence, the district court did not err in sentencing Contreras under § 2K2.1(a)(4)(A), and it is not necessary to consider Contreras's additional argument that aggravated assault is not a crime of violence under the use-of-

No. 18-10345

force prong of § 4B1.2(a)(1).  *See Guillen-Alvarez*, 489 F.3d at 198-201 & n.2. The judgment of the district court is AFFIRMED.