# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-10977
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DAMIEN DATRION JOINER,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:23-CR-11-1

———————————————————————

Before HIGGINSON, HO, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Damien Datrion Joiner appeals the 57-month sentence imposed following his conviction for possession of a firearm after a felony conviction. He argues that the district court reversibly erred in calculating his advisory guidelines range by classifying his prior conviction under Texas Penal Code § 22.02(a)(2) as the enumerated felony crime of violence offense of

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

aggravated assault under U.S.S.G. § 2K2.1, which incorporates by reference U.S.S.G. § 4B1.2's definition of a crime of violence. He argues that *Borden v. United States*, 593 U.S. 420 (2021), overruled *United States v. Guillen-Alvarez*, 489 F.3d 197, 200-01 (2007), and that his § 22.02(a)(2) offense therefore no longer qualifies as the enumerated offense of aggravated assault. *Borden*, however, addressed the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), not the enumerated-offense clause, and is thus distinguishable from both *Guillen-Alvarez* and this case. *See* 593 U.S. at 423-24; 489 F.3d at 200-01. Joiner's challenge fails.

Accordingly, we AFFIRM the judgment and DISMISS as moot the Government's alternative motion for an extension to file its brief.