IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2007

Charles R. Fulbruge III
Clerk

No. 06-41005
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAUL HECTOR QUINTANILLA-GARAY

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1929-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raul Hector Quintanilla-Garay (Quintanilla) appeals his guilty-plea conviction and sentence for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. Quintanilla contends that the district court erred by imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior Texas conviction for aggravated assault is not a crime of violence under the Sentencing Guidelines. He contends that the Texas crime of aggravated assault is more broadly defined than most other

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

definitions of aggravated assault because it may be committed by threatening the victim with a weapon. The Texas statute, TEX. PENAL CODE § 22.02, is substantially similar to the generic, common sense definition of "aggravated assault" and thus qualifies as the enumerated offense of "aggravated assault" under the Guidelines. See United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir. 2007), cert. denied, Beltran-Garcia v. United States, ___S. Ct. ___, 2007 WL 2590919 (Oct. 9, 2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Quintanilla challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007)(No. 07-6202). The judgment of the district court is AFFIRMED.