# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-20223
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JHONNI GALVES, also known as Johnny Mandez, also known as Jhonni Galvez, also known as Jhonni Osvaldo Galvez-Venega, also known as Jhonnie Galves-Venegas

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-379-ALL

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jhonni Galves appeals his guilty-plea conviction and sentence for illegal reentry into the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b). Galves contends that the district court erred by imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior Texas conviction for aggravated assault is not a crime of violence under the Sentencing Guidelines. He contends that the Texas crime of aggravated assault has a broader definition than most other definitions of aggravated assault because it may be committed by threatening the victim with a weapon.

This court has previously held that aggravated assault under Texas Penal Code § 22.02 (Vernon 2002), which is identical to the 1997 version of the statute at issue in the instant case, is substantially similar to the generic, common sense definition of "aggravated assault" under the Guidelines. See United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir.), cert. denied, 128 S.Ct. 418 (2007). See also United States v. Rojas-Gutierrez, ____ F.3d ____ (No. 06-50584; 5th Cir., Dec. 13, 2007), 2007 WL 4341006.

Accordingly, the judgment of the district court is
AFFIRMED.