IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-40214
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

V.

GONZALO BRIONES-ZAPATA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-986-1

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gonzalo Briones-Zapata appeals his guilty-plea conviction and sentence for illegal reentry into the United States after having been deported. Briones-Zapata contends that the district court erred by imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior Texas conviction for aggravated assault is not a crime of violence under the Sentencing Guidelines. He contends that the Texas crime of aggravated assault has a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

broader definition than most other definitions of aggravated assault because it may be committed by threatening the victim with a weapon.

This court has previously held that aggravated assault under Texas Penal Code § 22.02 (Vernon 2000), which is identical to the 2006 version of the statute at issue in the instant case, is substantially similar to the generic, common sense definition of "aggravated assault" and therefore qualifies as the enumerated offense of "aggravated assault" under the Guidelines. See United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir.), cert. denied, 128 S. Ct. 418 (2007); see also United States v. Rojas-Gutierrez, No. 06-50584, __ F.3d __, 2007 WL 4341006 (5th Cir. Dec. 13, 2007); United States v. Galves, No. 07-20223 (5th Cir. Jan. 22, 2007) (unpublished); United States v. Quintanilla-Garay, No. 06-41005, 2007 WL 4105182 (5th Cir. Nov. 19, 2007) (unpublished); United States v. Delgado-Salazar, No. 05-40890, 2007 WL 3145012 (5th Cir. Oct. 25, 2007) (unpublished).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Briones-Zapata challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1995). United States v. Pineda-Arrellano, 492 F.3d 624, 625-26 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202).

The judgment of the district court is AFFIRMED.