# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2008

Charles R. Fulbruge III
Clerk

No. 07-40315
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALEJANDRO CAMACHO-LOPEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-293-ALL

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alejandro Camacho-Lopez appeals his guilty-plea conviction and sentence for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. Camacho contends that the district court erred by imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior Texas conviction for aggravated assault is not a crime of violence under the Sentencing Guidelines. He argues that the Texas crime of aggravated assault is more broadly defined than most other

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

definitions of aggravated assault because it may be committed by threatening the victim with a weapon.  The Texas statute, TEX. PENAL CODE § 22.02, is substantially similar to the generic, common sense definition of "aggravated assault" and thus qualifies as the enumerated offense of "aggravated assault" under the Guidelines.  See United States v. Guillen-Alvarez, 489 F.3d 197, 199-201 (5th Cir.), cert. denied, Beltran-Garcia v. United States, 128 S. Ct. 418 (2007),.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Camacho challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This court has held that this issue is "fully foreclosed from further debate."  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008) (No. 07-6202).  The judgment of the district court is
AFFIRMED.