# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2008

Charles R. Fulbruge III
Clerk

No. 08-10001
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN MANUEL TORRES-SALAZAR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-204-ALL

Before GARWOOD, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Torres-Salazar (Torres) appeals the 57-month sentence imposed following his guilty-plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Specifically, he challenges the sixteen-level enhancement assessed pursuant to United States Sentencing Guideline (U.S.S.G.) § 2L1.2(b)(1)(A)(ii) based on the district court's conclusion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

that he had previously been deported following a conviction for a "crime of violence," to wit: a Texas conviction for aggravated assault.

Under section 2L1.2(b)(1)(A)(ii) of the guidelines, a sixteen-level increase applies if a defendant illegally reenters the United States after having been convicted of a felony that is a "crime of violence." "Aggravated assault" is an enumerated crime of violence. U.S.S.G. § 2L1.2, cmt. n.1(B)(iii). However, a state conviction for aggravated assault will not qualify as an enumerated crime of violence under section 2L1.2, unless the state's version of the crime is sufficiently similar to the generic, contemporary meaning of aggravated assault. United States v. Guillen-Alvarez, 489 F.3d 197, 199–200 (5th Cir. 2007), cert. denied, 128 S.Ct. 418 (2007); United States v. Mungia-Portillo, 484 F.3d 813, 816–17 (5th Cir. 2007), cert. denied, 128 S.Ct. 320 (2007).

At the time of the offense, the Texas statute governing aggravated assault, Texas Penal Code § 22.02(a), provided as follows:

> "A person commits an offense if the person commits [simple] assault as defined in Section 22.01 [of the Texas Penal Code] and the person:
> (1) causes serious bodily injury to another, including the person's spouse; or
> (2) uses or exhibits a deadly weapon during the commission of the assault."

(Vernon 1994). Torres's state court judgment of conviction (and sentence to eight year confinement) states the offense of conviction as being "aggravated assault," "second degree" "committed 9/20/95" but the judgment does not expressly state under which subdivision of section 22.02(a) Torres was convicted. The judgment reflects that the charging instrument was an indictment and the plea was guilty. The PSR states that "the indictment reflects that the defendant did unlawfully then and there knowingly and intentionally cause the death of Franklin Valdez, an individual, by shooting Valdez with a firearm, a deadly weapon." Because Torres pled guilty to aggravated assault as lesser included offense under this

indictment, the indictment of itself may not necessarily determine whether the offense of conviction was under section 22.02(a)(1) or 22.02(a)(2). However the judgment of conviction expressly states that "[t]he court finds that the defendant herein used or exhibited a deadly weapon during the commission of said offense, to-wit: [a] firearm." Torres did not object to that finding upon (or after) entering his guilty plea, nor did he object when it was referenced in his presentencing report at his subsequent prosecution for illegal reentry.

This court has specifically determined that aggravated assault under Texas Penal Code § 22.02(a) is substantially similar to both the definition of aggravated assault under section 211.1(2) of the Model Penal Code and the generic, common sense meaning of aggravated assault, and therefore section 22.02(a) qualifies as the enumerated offense of "aggravated assault" under the guidelines. See Guillen-Alvarez, 489 F.3d at 199. Torres acknowledges Guillen-Alvarez and its progeny but asserts that these cases should not be interpreted so broadly as to conclude that every possible offense under section 22.02(a) is a crime of violence. He argues instead that these cases should be read to hold that convictions involving the injury of another with a deadly weapon under section 22.02(a)(2), but not necessarily all possible permutations of aggravated assault under section 22.02(a), are crimes of violence.

For the first time on appeal, Torres now contests the district court's conclusion that his prior conviction was for aggravated assault with a deadly weapon under section 22.02(a)(2). Specifically, he argues that, although the judgment in his aggravated-assault case contains an affirmative deadly-weapon finding, that finding may not be considered as establishing a conviction under section 22.02(a)(2), because there is no evidence that he assented to it as assertedly required by Shepard v. United States, 125 S.Ct. 1254, 1257 (2005). He also argues for the first time on appeal that the record does not show that his underlying assault was not a mere offensive touching under section 22.01(a)(3),

rather than under section 22.01(a)(2) (intentionally threatening imminent bodily injury) or section 22.01(a)(1) (intentionally causing bodily injury).[1]

Because Torres makes these arguments for the first time on appeal, we review his challenge to the adequacy in those respects of the proof establishing

---

[1]In Torres's attorney's memorandum in support of his objection to the PSR's treatment of his aggravated assault conviction as a crime of violence it is stated, inter alia, "In the instant case, the PSR describes the offense as 'Aggravated Assault - Deadly Weapon.' It appears from the PSR that Mr. Torres-Salazar was convicted of committing an 'assault' under Tex. Penal Code § 22.01(a)(2) (intentional or knowing threatening of another with bodily injury) that was an 'aggravated assault' under Tex. Penal Code § 22.01(a)(2) because Mr. Torres-Salazar used a deadly weapon during the commission of the assault. For the reasons stated below, this offense is not a 'crime of violence' under USSG § 2L1.2.

    a. Mr. Torres-Salazar's 'Aggravated Assault' Conviction Under Tex. Penal Code § 22.01(a)(2) Does not Fall Within the Generic, Contemporary Meaning of 'Aggravated Assault' as Enumerated in Application Note 1(B)(iii) to USSG § 2L1.2."

. . .

". . . thirty jurisdictions – a clear majority – do not include in their definitions of 'aggravated assault' the Texas alternative means of committing the offense by 'threaten[ing] imminent bodily injury to another' coupled with the aggravating factor 'uses or exhibits a deadly weapon.' . . .

Thus, Texas is in the minority of jurisdictions in which the offense of aggravated assault may be committed by threatening another with imminent bodily injury by use of a deadly weapon."

At no time before the district court did Torres ever assert that his prior aggravated assault conviction did not involve an assault under § 22.01(a)(2) – indeed he admitted that that was the assault involved in the offense of which he was convicted. Nor did he ever contend below that his conviction was not for an assault under § 22.01(a)(2) during the commission of which he used or exhibited a deadly weapon and so committed the aggravated assault under § 22.02(a)(2) for which he was convicted. Nor did he at any time below contend that he did not use or exhibit a deadly weapon during the commission of the assault (or was not convicted of doing so) or that the judgment's finding that he did so should not be considered or was insufficient. Nor did he ever argue below that his aggravated assault conviction was not a crime of violence because it was not shown not to have been based on an assault under § 22.01(a)(3); to the contrary he argued that it was based on an assault under § 22.01(a)(2).

his subsection of conviction for plain error. See United States v. Jenkins, 487 F.3d 279, 281 (5th Cir. 2007). To demonstrate plain error, Torres-Salazar must show a clear or obvious error that affected his substantial rights. See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). Even if he makes the required showing, this court may exercise its discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Cotton, 122 S.Ct. 1781, 1785 (2002).

With respect to the claim that the section 22.02(a) conviction should not be considered an "aggravated assault" because the underlying assault offense may have been under section 22.01(a)(3), intentional offensive touching, we find that any error (if any) by the trial court was not clear or plain because Torres asserted below that his prior section 22.02(a) offense involved an underlying assault under section 22.01(a)(2), intentionally threatening imminent bodily injury, and nothing in the record suggests that the underlying assault was actually not under section 22.01(a)(2) (or section 22.01(a)(1)), and also because Guillen-Alvarez and its progeny indicate that any conviction under section 22.02(a) constitutes an aggravated assault under this guideline and we are unaware of any decision holding that a section 22.02(a) conviction is not an aggravated assault under this guideline.

With respect to the claim that the section 22.02(a) conviction was not under section 22.02(a)(2) (use or exhibit a deadly weapon) we also conclude that any error, if any, by the trial court was not plain or obvious because Torres contended below that the conviction was under section 22.02(a)(2), there is no evidence to the contrary and, further, the judgment of conviction expressly states that the defendant used or exhibited a deadly weapon during the commission of the offense. The argument that Shepard v. United States, 125 S.Ct. 1254, 1257 (2005), precludes consideration of this aspect of the judgment because it is not shown that "the defendant assented" thereto likewise was not made below and any error, if any, in this respect is not plain or clear for several reasons. In the

first place, the judgment indicates that Torres assented to all findings, and there is certainly nothing to suggest otherwise. Moreover, the deadly weapon recitals are not mere findings but are a formal part of the judgment of conviction itself and are called for under Tex. Code Crim. Proc. art. 42.12 § 3g(a)(2) and are subject to challenge by the defendant. See, e.g., Johnson v. State, 233 S.W.3d 420 (Tex. App.–Ft. Worth 2007, writ ref'd). The Shepard language relied on by Torres describes what is "generally" proper to consider, id., and Shepard concludes by saying that "some comparable judicial record" is acceptable. Id. at 1263. There is good reason to think that the judgment of conviction, containing such a finding mandated by law, which the defendant could have but did not challenge (or unsuccessfully did so) may be properly considered for this purpose, and we are aware of no contrary authority. No plain or obvious error has been shown in this respect.

The only argument both raised here and properly preserved below is that a conviction under section 22.02(a)(2) (use or exhibit a deadly weapon) based on an underlying assault under section 22.01(a)(2) (intentionally or knowingly threaten imminent bodily injury) does not constitute the guideline enumerated offense of "aggravated assault." We reject this contention on the basis of Guillen-Alvarez and its many progeny. See, e.g., United States v. Camacho-Lopez, 2008 WL 510516 (5th Cir. 2008) (unpublished); United States v. Delgado-Salazar, 252 Fed. Appx. 596 (5th Cir. 2007); United States v. Galves, 262 Fed. Appx. 587 (5th Cir. 2008); United States v. Peraza-Chicas, 254 Fed. Appx. 399 (5th Cir. 2007).

The district court's judgment is AFFIRMED.