United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-41256
_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

                              versus

ANGELINO GARCIA-RAMIREZ,

                                        Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Texas, Brownsville
USDC No. 1:06-CR-146-1
_____

Before JOLLY, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Angelino Garcia-Ramirez appeals his sentence for illegal reentry.  We AFFIRM.

I.

     Garcia-Ramirez argues that the district court committed plain error by imposing a sixteen-level "crime of violence" enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his previous conviction of aggravated assault in Texas.  Because Garcia-Ramirez did not object below, we review under the plain error standard.  See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005).  "This court finds

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." Id. "If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 358-59.

Prior to his illegal reentry for which he was sentenced, Garcia-Ramirez was convicted in 2000 of aggravated assault upon three victims. The aggravated assault indictment alleged that Garcia-Ramirez "did then and there, intentionally or knowingly threaten [each victim] with imminent bodily injury and did then and there use or exhibit a deadly weapon, to-wit: a knife, during the commission of said assault." Given this language in the indictment, it is clear that Garcia-Ramirez was convicted of aggravated assault in violation of Texas Penal Code § 22.02, based on the incorporated offense of assault as defined in Texas Penal Code § 22.01(a)(2).

These facts are nearly identical to the facts in our recent decision in United States v. Guillen-Alvarez, No. 05-41787, slip op. (5th Cir. June 6, 2007). In Guillen-Alvarez, as in this case, the defendant was previously convicted in 2000 of aggravated assault with a deadly weapon, to wit: a knife, thus in violation of Texas Penal Code § 22.02. See id. at *4. But there, unlike the facts before us, the charging documents provided insufficient details for us to determine the subsection of Texas Penal Code §

2

22.01(a) defining the defendant's incorporated offense of assault. <u>See id.</u> Nevertheless, based on this Court's holding in <u>United States v. Mungia-Portillo</u>, No. 06-40273, 2007 WL 1127859 (5th Cir. Apr. 17, 2007), we held that the defendant's aggravated assault conviction under Texas Penal Code § 22.02 constituted a crime of violence, regardless of the subsection of Texas Penal Code § 22.01(a) defining the defendant's incorporated offense of assault. <u>See id.</u> at *7.

Here, <u>Guillen-Alvarez</u> is controlling and we find no plain error. Garcia-Ramirez's argument fails and his sentence must be affirmed.

## II.

Garcia-Ramirez argues that his sentence is unconstitutional because it exceeds the statutory maximum sentence for violations of 8 U.S.C. § 1326(a). As this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 239-47 (1998), it fails.

## III.

For the foregoing reasons, Garcia-Ramirez's sentence is

AFFIRMED.

3