# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2008

Charles R. Fulbruge III
Clerk

No. 08-50087
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DENIS LEONEL OCAMPO-ZUNIGA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-559-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Denis Leonel Ocampo-Zuniga appeals the sentence imposed following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Ocampo claims: although his sentence was within the advisory guidelines range, it should not be presumed reasonable because Guideline § 2L1.2 is flawed under Kimbrough v. United States, 128 S. Ct. 558 (2007),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

wherein the Supreme Court recognized that certain Guidelines do not take account of empirical data and national experience. Ocampo also contends that his guidelines sentence was unreasonable because it was greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

Although post-Booker, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. Gall v. United States, 128 S. Ct. 586, 596 (2007). In that respect, its application of the guidelines is reviewed de novo; its factual findings, only for clear error. E.g. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005).

We review a district court's sentencing decisions for reasonableness in the light of the sentencing factors in § 3553(a). Gall, 128 S. Ct. at 596-97. First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using the above-referenced abuse-of-discretion standard. Id. A sentence imposed within a properly calculated guideline range is entitled to a rebuttable presumption of reasonableness. Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

Citing Kimbrough, 128 S. Ct. at 575, Ocampo asserts his within-guidelines sentence should not be accorded a presumption of reasonableness. Ocampo contends that the justification for applying a presumption of reasonableness in his case is undercut because Guideline § 2L1.2, used to calculate his advisory sentencing range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience". He portrays the Kimbrough decision as having "suggested"

that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience.

Kimbrough does not reveal any such suggestion. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses". 128 S. Ct. at 564. Speaking specifically to the crack-cocaine Guidelines, the Court simply ruled "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case". Id. at 575. Kimbrough said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in United States v. Campos-Maldonado, 531 F.3d 337, 338-39 (5th Cir.), cert. denied, --- S.Ct. ---, 2008 WL 3996218 (U.S. Oct. 06, 2008) (No. 08-5988), which involved a similar challenge to § 2L1.2. The appellate presumption is therefore applicable in this case.

Ocampo has demonstrated neither that there was any procedural error with respect to his sentence nor that it was substantively unreasonable. See Gall, 128 S. Ct. at 597. Neither has he rebutted the presumption of reasonableness afforded his sentence. Accordingly, he has not shown that his sentence was an abuse of discretion by the district court. See Alonzo, 435 F.3d at 554.

AFFIRMED.