**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-50475
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAUL NORIEGA-CISNEROS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-704-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raul Noriega-Cisneros (Noriega) pleaded guilty to illegal reentry into the United States following deportation, under 8 U.S.C. § 1326 (1996). Because Noriega was previously convicted of the Texas offense of robbery, his offense level was adjusted upward by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Santiesteban-Hernandez*, 469 F.3d 376, 381 (5th Cir. 2006). Noriega, arguing that the Sentencing Guidelines provision was too harsh in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) (2003), requested a

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence of imprisonment below the forty-one to fifty-one month range he faced under the Guidelines. He also challenged the categorization of his robbery conviction as a "crime of violence." Overruling Noriega's objections, the district court sentenced him to forty-one months of imprisonment and a three-year term of supervised release.

On appeal, Noriega contends that his sentence is substantively unreasonable because it is greater than necessary to accomplish the goals of sentencing set forth in § 3553(a). Noriega argues that the district court failed to adequately consider his innocent motivation for committing a crime he considers tantamount to international trespass, and he states that deterrence is not furthered by lengthy imprisonment, since he faces deportation after he serves his sentence.

We review a district court's sentencing decision for reasonableness in light of the sentencing factors set forth in §3553(a). *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007). First, we consider whether the sentence is procedurally sound. *Id.* at 597. Then, we determine whether the sentence is substantively reasonable, using an abuse-of-discretion standard. *Id.* Noriega does not contend that the district court erred by "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Id.* We agree that the sentence was procedurally reasonable under *Gall*.

Noriega instead claims that his sentence was substantively unreasonable in light of the § 3553(a) factors, and that this Court should decline to apply a presumption of reasonableness when reviewing the district court's within-Guidelines sentence. Noriega argues that *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007) compels that the appellate presumption should not apply to Guidelines for which the Sentencing Commission did not take into account

empirical data and national experience. We disagree with Noriega's reading of *Kimbrough*. The question presented in *Kimbrough* was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses." *Id.* at 564 (citation omitted). Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. In *Kimbrough*, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the presumption's continued applicability to § 2L1.2 sentences is supported by our decision in *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008), which involved a similar challenge to § 2L1.2. That *Kimbrough* allows variance from a Guidelines sentence because a district court concludes that particular section does not reflect empirical data or national experience does not compel that the district court would be unreasonable in declining to do so. The appellate presumption is therefore applicable in this case.[1]

We then consider the district court's application of the § 3553(a) factors to Noriega's sentence. The district court here considered Noriega's claim that the Guidelines sentence was too harsh given his motivation for re-entering the country, the deportation he faces after release from imprisonment, his family ties, and the substantial effect of his 1990 conviction for robbery. It also considered the argument that the enhancement was not empirically based.[2]

---

[1] We conclude, however, that this case does not turn on the presumption of reasonableness. With or without application of the presumption, we find the sentence reasonable.

[2] Noriega's attorney argued as follows: "We are just saying that, . . . in this case, considering the age of the conviction, his conduct since that time, that giving that much weight to the conviction, the 16-level enhancement, which has no real empirical justification for it

Considering Noriega's criminal history, repeated illegal entries into the United States, and the mitigating factors set forth by Noriega, the district court chose to sentence Noriega at the low end of the applicable guideline range. Given the record before us, we do not believe that the court abused its discretion.

Accordingly, Noriega's sentence is AFFIRMED.

---

being 16, that is just too much."