# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-50615
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ISMAEL DIAZ-SANCHEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-321

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ismael Diaz-Sanchez (Diaz) appeals the sentence imposed by the district court following his conviction for attempting to illegally reenter the United States after having been deported. Diaz argues that the fifty-seven month sentence of imprisonment is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He further argues that this court should not afford the sentence a presumption of reasonableness because, like the crack cocaine guideline discussed in *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"§ 2L1.2 is one of those guidelines which is not supported by empirical data and national experience."

Diaz's contention that the appellate presumption of reasonableness is inapplicable in this case is without merit. *See United States v. Ocampo-Zuniga*, 298 F. App'x 400, 401 (5th Cir. 2008), *cert. denied*, ___ S. Ct. ___, 2009 WL 290455 (Mar. 9, 2009). Although not controlling precedent, we find the reasoning set forth in *Ocampo-Zuniga* to be persuasive authority. *United States v. Meraz-Enriquez*, 442 F.3d 331, 333 (5th Cir. 2006).

The substantive reasonableness of Diaz's sentence is reviewed for abuse of discretion. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007). Diaz has an extensive criminal history and has been removed from the United States to Mexico on numerous occasions. Given the obvious need for deterrence and punishment, Diaz has failed to overcome the presumption that his sentence is reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). No abuse of discretion has been shown. *See Gall*, 128 S. Ct. at 597.

Diaz also argues that the district court abused its discretion by imposing a term of supervised release. Review of the imposition of a term of supervised release is for abuse of discretion. *United States v. Rodriguez*, 558 F.3d 408, 411 (5th Cir. 2009).

As noted by the district court, even if Diaz is deported from the United States, supervised release is an additional potential sanction that might deter him from attempting to unlawfully reenter the United States in the future. Because "adequate deterrence" and protection of the public are valid considerations in determining whether to impose a term of supervised release, Diaz has not shown an abuse of discretion in the imposition of a supervised release term. *See* 18 U.S.C. § 3583(c).

AFFIRMED.