# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2010

No. 10-50358
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAUSTO MIRELES-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-205-1

Before HIGGINBOTHAM, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[1]

Fausto Mireles-Rodriguez pled guilty in May 2009 to illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326. Because he was convicted by the state of Texas of committing aggravated assault in 1990, Mireles received a sixteen-level base-offense-level increase under § 2L1.2(b)(1)(A)(ii) of the United States Sentencing Guidelines. His adjusted offense level combined with his criminal-history score produced an advisory sentencing range of seventy to eighty-seven months imprisonment. The district

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court imposed a within-Guidelines sentence of seventy months. On appeal, Mireles argues that his sentence was substantively unreasonable because it was greater than necessary to accomplish the sentencing goals of 18 U.S.C. § 3553(a). We conclude that Mireles cannot overcome the presumption of reasonableness that attaches to his within-Guidelines sentence and affirm Mireles's sentence.

The Guidelines vest district courts with broad sentencing discretion. *United States v. Nikonova*, 480 F.3d 371, 376 (5th Cir. 2007), *abrogated on other grounds by Gall v. United States*, 552 U.S. 38, 50-51 (2007). We review the district court's sentence for substantive reasonableness in light of the sentencing factors enumerated in 18 U.S.C. § 3553(a)(1)-(7). *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). We apply the abuse of discretion standard, taking into account the totality of the circumstances and presuming that a sentence within a properly calculated Guidelines range is reasonable. *Gall*, 552 U.S. at 51; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The presumption of reasonableness that attaches to a properly calculated guideline sentence "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight," "gives significant weight to an irrelevant or improper factor," or "represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010).

The district court considered the appropriate sentencing factors under § 3553(a) as well as Mireles's arguments for a downward departure. Mireles advances five criticisms of the district court's approach. They do not persuade us that the district court imposed a substantively unreasonable sentence.

First, Mireles argues that the district court did not consider the remoteness or staleness of the 1990 conviction for aggravated assault that was the basis for his sixteen-level sentence enhancement under § 2L1.2(b)(1)(A)(ii). But Mireles was thirty-two years old when he committed the aggravated assault, and the commentary to § 2L1.2(b)(1) specifically instructs that only convictions

for offenses committed before the defendant turned eighteen are too remote or stale to serve as the predicate for the enhancement, *see* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.1(A)(iv) (2010). Consistent with the commentary, we have previously held that it is not an abuse of discretion for a district court to apply the sixteen-level crime-of-violence enhancement under § 2L1.2(b)(1)(A)(ii) based on a conviction that is so remote that the defendant does not receive any criminal-history points for it. *See, e.g.*, *United States v. Noriega Cisneros*, 311 F. App'x 716, 718 (5th Cir. 2009) (per curiam).[2]

Second, Mireles argues that his sentence was unreasonable because he committed the aggravated assault for which he was convicted by threat, not by physical force. Again, we have previously considered and rejected this argument. *See, e.g.*, *United States v. Garcia-Ramirez*, 230 F. App'x 458, 460 (5th Cir. 2007) (per curiam) (citing *United States v. Guillen-Alvarez*, 489 F.3d 197, 200 (5th Cir. 2007)).

Third, Mireles argues that the district court failed to account for the fact that his motive for returning to the United States was to earn money so he could support his family. But we have previously held that a defendant's contention that he was acting with good motives is not sufficient to rebut the presumption of reasonableness that attaches to a within-Guidelines sentence. *See, e.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 624 (2009).

Fourth, Mireles argues that because he had never before served a term of imprisonment longer than twelve months, his seventy-month sentence was greater than necessary to deter him from committing future crimes or to protect the public. However, the district court concluded that a bottom-of-the-Guidelines sentence was necessary to provide sufficient deterrence and public

---

[2] This opinion cites various unpublished prior decisions of this Court not because those decisions bind us but because their reasoning persuades us.

protection in light of Mireles's extensive and serious criminal history. This conclusion was not an abuse of discretion. *See, e.g.*, *United States v. Diaz Sanchez*, 320 F. App'x 264, 264 (5th Cir. 2009) (per curiam).

Finally, Mireles argues that his within-Guidelines sentence should not enjoy a presumption of substantive reasonableness because § 2L1.2 lacks empirical foundation. As he acknowledges, this argument is foreclosed by Circuit precedent. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008).

We will not vacate a within-Guidelines sentence merely because a district could reasonably have decided to impose a different sentence. *See Campos-Maldonado*, 531 F.3d at 339 ("Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."). Mireles has failed to overcome the presumption of reasonableness accorded his sentence and cannot demonstrate that the district court abused its discretion when it chose to sentence him at the low end of the applicable Guidelines range.

AFFIRMED.